**STERN & STERN ESQS,**
ATTORNEYS AT LAW
50 COURT STREET, SUITE 1100
BROOKLYN, NEW YORK 11201
**(718) 935-9458**

**DAVID LYLE STERN**
**LAWRENCE M. STERN**                                              PAMELA SMITH, OF COUNSEL

March 21, 2014

Honorable Magistrate Judge Joan M. Azrack
Unites State District Court
Easter District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re: Orly Industry, Inc. v. Rite Aid
            HDQTS Corp.
            Case No.: 12 CV 00855 (SLT'JMA)

Honorable Madam:

  We are the attorneys for Plaintiff, ORLY INDUSTRY, INC. By this' letter, Plaintiff moves for protective orders against the Document Demands recently served upon this office and against the Third Party Subpoenas served upon nonparties Harold Pollak and Orly Plastics Enterprise, Inc. Copies of the contested Subpoenas, together with Defendant's demand for further documents from Plaintiff are annexed hereto as **Exhibit "A"**. Plaintiff makes this motion pursuant to Federal Rules of Civil Procedure 26(b)(2), 26(c) and 33(a)(1) and seeks protective orders striking each of the contested demands and subpoenas.

  Predominantly, the Demands and Non-Party Subpoenas seek private, personal, confidential information which is not relevant to either Plaintiff's claims or any viable defense or counterclaim Defendant has asserted or might have asserted. Defendant seeks to foray into the private tax returns and financial records of a different corporation which it was not doing business with at the time of the transactions and occurrences sued for herein and the private, personal financial records and tax returns of Plaintiff which again have no bearing upon this case. Notably, the Demands are broad and unlimited in their scope. Defendant does not even confine itself to those documents pertinent to its dealings with Plaintiff and the non-party but seeks to explore "all financial statements, audited and unaudited".

  There is absolutely no reason why Defendant should be entitled to examine the records of Orly Plastics Enterprise, Inc., a company which it formally did business with pursuant to a written contract, entitled the "Master Purchase Agreement". **See Exhibit "B"**. That contract was entered into August 1, 2010 and expired July 31, 2011. The Master Purchase Agreement stated at Paragraph 6.13 that it could only be modified by a writing signed by both

parties and at Paragraph 2.8 that it could only be extended upon the written consent of both parties. It is uncontested that such written consent was never executed or obtained.

The Deposition of Defendant's Rule 30(b)(6) designee, Richard O'Brien was held on March 19, 2014. Mr. O'Brien admitted therein that no writing extending the Contract was ever executed. Copies of the pertinent pages of the transcript of the March 19, 2014 deposition expedited to our office in draft form is annexed hereto as **Exhibit "C"**. Additionally, after July 2011, the entity which was a party to the expired Master Purchase Agreement was dissolved by proclamation of State and thus lacked capacity to enter into any contract extensions. See **Exhibit "D"**.

After July 31, 2011, Defendant did business exclusively with Plaintiff, which had previously existed but had not previously sold any goods to Defendant. See **Exhibit "E"**. Plaintiff and Defendant did business, not under a written contract but through the filling of individual purchase orders on an as needed basis. There was no long term commitment from either party to any specific quantities, time period or criteria. Each order and shipment constituted a separate transaction governed only by the UCC and the forms utilized in each individual instance.

Defendant's pretext for seeking this private information is that it desires to show a link between Orly Plastics Enterprise, Inc. and Orly Industry, Inc. first, for the purpose of demonstrating that the Master Purchase Agreement governs Plaintiff's dealings with Defendant and second, because its counterclaims are alleged to date back to the time it dealt with Orly Plastics Enterprise, Inc.

Defendant's claim that the Master Purchase Agreement governs any transactions between Plaintiff and Defendants after August 1, 2011 has been put to rest by the Honorable Sandra Townes' ruling dated August 23, 2013. See **Exhibit "F"**. Judge Townes' Order excluded from this case any transactions which could possibly be governed by the Master Purchase Agreement and preserved those sales which were not covered. Judge Townes held that:

> " . . .[T]he Master Agreement explicitly provides for extension "by mutual written consent . . . Rite Aid concedes that no such written consent was executed by the parties"

Judge Townes specifically distinguished between "Pre-Expiration Transactions" and "Post-Expiration Transactions," finding that:

"[T]he Master Agreement expired by its terms on July 31, 2011, and 29 of the 34 transactions at issue in this case are simply not covered by the Master Agreement or its forum selection clause.

Judge Townes' Decision cited to <u>Ellan Corp. Inc. v. Dongkwang Intern Co., Ltd.</u>, No. 09 Civ. 414, 2011 WL 4343844 at 4 (SDNY, 8/15/11), a case involving a contract clause identical to 2.8 of the Master Purchase Agreement. that contract. There, the court held that whether the parties: "did or did not conduct other business after the expiration of the [contract]is irrelevant because neither party executed a new written agreement to extend the terms," as required under the agreement's extension provision.

It is therefore irrelevant to this case which company did business with Defendant after the Master Purchase Agreement expired or how those companies may or may not be related and Defendant does not need access to the two companies financial records for the purposes of linking them. The transactions which survived dismissal herein cannot be governed by the Master Purchase Agreement and were solely between Plaintiff and Defendant with no third companies involved.

As Judge Townes specifically dismissed this case as to any transactions which might have occurred during the period of the Master Purchase Agreement and for those orders which may have been Orly Plastics Enterprise, Inc.'s obligation to fill, any counterclaims pertaining to goods shipped within that time frame or to Orly Plastics Enterprise, Inc.'s obligations under the expired Contract cannot be entertained herein. Indeed, under Paragraph 6.5 of the Master Purchase Agreement, such claims would have had to be taken to compulsory mediation or binding arbitration, depending upon their size.

Moreover, Defendant accepted goods from Orly Plastics Enterprise, Inc. for the entirety of the Contract period, without disputing a single shipment or invoice. Mr. O'Brien admitted at his deposition, that **late October 2011** was the first time that Defendant had indicated to Plaintiff or anyone else that it believed any goods were defective. There were no purchase orders at all filled by the entity Orly Plastics, Enterprise, Inc., since July, 2011, **three (3) months** earlier. Mr. O'Brien further admitted that Defendant was unable to determine which shipment contained defective goods, which purchase order had not been filled or which invoice should not be paid. Mr. O'Brien admitted that Defendant did not know which specific goods were defective or when or where the defective goods had been shipped. Copies of the pertinent pages of the transcript of the March 19, 2014 deposition expedited to our office in draft form is annexed hereto as **Exhibit "G"**. This was consistent with Defendant's contemporaneous response to Plaintiff's request for specific information in October 2011. See **Exhibit "H"**. Testimony adduced during the deposition of Douglas Zollo and the second half of Mr. O'Brien's deposition the following day

further confirmed both the timing of the notification and the lack of particulars surrounding the alleged nonconforming goods. Defendant's alleged complaint was that goods were underweight. Notably, the purchase orders sued upon herein contained no weight or gauge requirement and any claimed acknowledgement of such criteria derived not from Plaintiff but from Mr. Zollo who, during that same period, represented Plaintiff's direct competitor who subsequently obtained Defendant's can liner account.

Defendant has no proof of whatever nature that any shipments from **Orly Plastics, Enterprise, Inc.** were defective in any manner. Despite this, Defendant seeks virtually unbounded discovery into Orly Plastics Enterprise Inc.'s business. The "proof" Defendant had in support of its counterclaim against Plaintiff for $200,000.00 is the alleged deficiency in a sample from late October 2011, containing perhaps Twenty dollars ($20:00) worth of merchandise. At Mr. O'Brien's deposition on March 19, 2014, the following exchange took place.

> "Mr. O'BRIEN A:   Without checking every single case, we're presuming that they're all defective based on the sampling that we did
>
> Q. : . . . So based on that one case you're just presuming that all the cases must be defective, is that right?
>
> MS. MULLEN:   Objection.
>
> MR. O'BRIEN :  A: That's a presumption, yes.
>
> Q. : . . .how far forward or back  does that presumption extend to?
>
> A.   We looked at it for everything that we've received in the past 12 months.
>
> Q   . . . So based on that case which you weighed and counted and found defective you're just presume [that everything from] all of the past 12 months were defective, is that right?
>
> MS. MULLEN:   Objection.
>
> THE WITNESS:   Yes". See **Exhibit "I"**.

As discussed above, Defendant has no right to assert a counterclaim before this Court as to any goods provided by Orly Plastics Enterprise, Inc., during the life of the Master Purchase Agreement. Furthermore, even if such counterclaim were somehow permissible, Defendant freely admits that claims against Orly Plastics Enterprise, Inc. are based upon pure speculation and

conjecture without a smidgeon of factual evidence. Disclosure of anyone's financial records cannot possibly transform this unfounded speculation into a viable claim.

    The Courts have traditionally given tax returns heightened protection given that their disclosure invokes serious privacy concerns. See, e.g., Patrick Carter Assoc., Inc. v. Rent Stabilization Assn. of NYC, Inc., 1992 WL 167387 (SDNY, 1992); SEC v. Militano, 1991 WL 270449 (SDNY, 1991); AFL Falk SPA v EA Karay Co., 131 FRD 46 (SDNY, 1990). Defendant nonetheless, continues to serve various discovery demands seeking to directly or indirectly pry into these records, not just of Plaintiff but of a nonparty. A confidentiality agreement will not adequately protect these privacy concerns where there is no valid basis for the request in the first place.

    The only possible need Defendant could have for Plaintiff's or a third party's financial records would be if Defendant were claiming to have made uncredited payments. Defendant is not making this claim. There is no dispute as to what monies were paid by Defendant or received by Plaintiff. Defendant's defense is that it was entitled to withhold payment because it believes it was shipped nonconforming goods. Defendant does not need Plaintiff's or Orly Plastics Industry, Inc.'s financial records or tax returns to attempt to prove this.

    Defendant seeks to engage in a fishing expedition in the broadest most abusive fashion, seeking discovery of matters not involving this action. As Defendant has no legitimate need for these records, it can only be surmised that Defendant's demands and subpoenas seek to serve another agenda – for a large corporate entity to harass, oppress and intimidate a small business with limited resources. This is not a proper basis for discovery.

    Plaintiff thus urges that its motion be granted in its entirety and that the Subpoenas and Document Demands be stricken..

Respectfully Submitted,

David Lyle Stern (DLS-6420)

cc:  Pepper Hamilton LLP
     The New York Times Building, 37th Floor
     620 Eighth Avenue
     New York, New York 10018

     Pepper Hamilton LLP
     100 Market Street, Suite 200
     P.O. Box 1181
     Harrisburg, P.A. 17108-1181