FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 11 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ORLY INDUSTRY, INC.,

           Plaintiff,

-v-

RITE AID HDQTRS. CORP.,

           Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-855 (SLT) (JMA)

**TOWNES, United States District Judge:**

Defendant Rite Aid Hdqtrs. Corp. ("Rite Aid") objects, pursuant to Federal Rule of Civil Procedure 72(a), to the April 16, 2014, ruling of Magistrate Judge Joan M. Azrack granting the letter motion of Plaintiff Orly Industry, Inc. ("Orly") for a protective order and denying Rite Aid's discovery requests. For the reasons set forth below, Rite Aid's objections (Docket No. 33) are overruled.

**BACKGROUND**

Orly commenced this diversity action against Rite Aid, alleging state law claims for breach of contract, quantum meruit, and unjust enrichment with regard to the sale of plastic trash bag liners. On August 23, 2013, this Court granted Rite Aid's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) only as to five transactions dated prior to the Master Agreement's expiration and therefore covered by its forum selection clause.[1] (Docket No. 21 ("M&O I")). The action has proceeded as to the remaining 29 transactions. In its

---

[1] Orly Plastics Enterprise ("Orly Plastics"), the plaintiff's predecessor, entered into the Master Agreement with Rite Aid on August 1, 2010. As discussed more thoroughly in the Court's prior order, Orly Plastics was dissolved on July 27, 2011. Jacob Torkeih, its president, notified Rite Aid by email that he had formed a new entity, Orly Industry, where he held the same position. (See M&O I at 2). The latter entity is the sole plaintiff in this action.

answer, Rite Aid asserts state law counterclaims for breach of contract and unjust enrichment. (Docket No. 22 ¶¶ 53-61).

During the course of discovery, Rite Aid noticed a Rule 30(b)(6) deposition of Orly. (Docket No. 33 ("Def. Mem.") at 5-6). Torkeih appeared as Orly's representative and did not answer certain questions regarding financial statements and tax issues. (Def. Mem at 5-6). Rite Aid thereafter served third party subpoenas upon Orly Plastics, and upon Orly's accountant, Howard Pollak. (Def. Mem. at 6). Rite Aid sought certain financial statements, bank statements, tax returns, office lease information, invoices, and purchase orders from both Orly entities and, in the case of the tax returns, from Torkeih individually. (Def. Mem. 6-7; Ex. F).

On March 24, 2014, Orly moved for a protective order and to quash the third party subpoenas, arguing that the requested discovery is irrelevant. (Docket No. 30). Rite Aid opposed the motion, asserting that Orly did not have standing to object to the third party subpoenas and that the discovery requests were relevant to Rite Aid's counterclaims. (Docket No. 31). During an April 16, 2014, telephone conference, Judge Azrack denied Rite Aid's requests for discovery and granted, in a subsequent minute order, Orly's motion for a protective order. (Docket No. 32). On April 30, 2014, Rite Aid appealed Judge Azrack's decision to this Court, again contending that Orly does not have standing to object and that the discovery is relevant. (Docket No. 33). Orly has not filed a response.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that the scope of discovery includes "any non-privileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). While the "regime . . . is an extremely permissive one," district courts have "broad discretion to

manage the manner in which discovery proceeds" and limit it "when the facts and circumstances are such that it creates an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003).

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" Garcia v. Benjamin Group Enter. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Under this highly deferential standard of review, a district court may reverse the finding only if "considering the entirety of the evidence, [it] is left with the definite and firm conviction that a mistake has been committed." Crawford v. Coram Fire Dist., No. 12 CV 3850 (DRH) (WDW), 2014 WL 1686203, at *2 (E.D.N.Y. Apr. 29, 2014) (internal quotation marks omitted). Simply put, "a party seeking to overturn a discovery order bears a heavy burden." AP Links, LLC v. Global Golf, Inc., No. 08-CV-1730 (TCP) (AKT), 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011).

## DISCUSSION

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). As in this case, however, a party may have "a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas." Zagroba v. York Restoration Corp., No. 10 CV 2663 (ARR) (LB), 2011 WL 2133837, at *1 (E.D.N.Y. May 26, 2011). Among its requests, Rite Aid seeks all tax returns and financial statements of Orly from 2010 to the present. (Def. Mem. Ex.

F). "Although not all of [Rite Aid's] requests seek such information, the fact that some of them do is sufficient" for purposes of standing. Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *8 n.3 (S.D.N.Y. Apr. 5, 2010). Additionally, "given the overlap in ownership between" Orly and Orly Plastics, sustaining Rite Aid's objections "would only cause delay because [the third party] likely would raise the same objections in [its] own motion[] to quash." Id. It also seems somewhat incongruous for Rite Aid to assert as a basis for its request that "Orly is essentially a mere continuation of Orly Plastics and should be liable for claims against the latter entity," (Def. Mem. at 2), while also arguing that Orly has no standing to object to subpoenas directed at Orly Plastics.

Furthermore, as Rite Aid partially acknowledges in its papers, (Def. Mem. at 3), this Court has determined that the Master Agreement between Rite Aid and Orly Plastics expired by its terms on July 31, 2011, and was not extended. (M&O I at 7 (citing Ellan Corp., Inc. v. Dongkwang Intern. Co., Ltd., No. 09 Civ. 414, 2011 WL 4343844, at *4 (S.D.N.Y. Aug. 15, 2011) (finding whether parties "did or did not conduct other business after the expiration . . . irrelevant because neither party executed a new written agreement to extend the terms," as required under the agreement's extension provision)). Accordingly, upon Rite Aid's motion, the Court dismissed Orly's claims as to the five transactions that took place between Rite Aid and Orly Plastics while the Master Agreement and its venue provision were in effect.

Rite Aid now argues that it is entitled to "information regarding the financial relationships among Orly, Orly Plastics and Mr. Torkieh [which] will provide additional evidence to support its claims that Orly should be responsible for the <u>conduct of Orly Plastics</u> and, potentially, that Mr. Torkieh may also be liable for the conduct of both companies." (Def. Mem. at 10 (emphasis added)). In light of the Court's prior ruling, the "conduct of Orly Plastics"

4

involves transactions that are governed by the Master Agreement's venue provision and are not properly before this Court. Moreover, Torkieh is not named as a party here. See In re WorldCom, Inc. Sec. Litig., 2004 WL 540450, at *5 (S.D.N.Y. Mar. 19, 2004) ("It would be highly unusual for counsel to believe that an entity could be held liable when it was not named as a defendant and properly served in the action."). Accordingly, Judge Azrack's conclusion that the requested information is irrelevant to this action was not clearly erroneous or contrary to law, and was within her discretion.

## CONCLUSION

For the reasons set forth above, Judge Azrack's non-dispositive order of April 16, 2014, was neither clearly erroneous, nor contrary to law, and the Court declines to modify it. Rite Aid's objections pursuant to Rule 72(a) (Docket No. 33) therefore are overruled. Additionally, as the parties agree that the material facts are not in dispute, their requests to move for summary judgment (Docket Nos. 34, 35) are granted without the necessity of a conference. The parties are directed to confer and file a proposed briefing schedule by June 20, 2014.

**SO ORDERED.**

/s/(SLT)

/ SANDRA L. TOWNES
United States District Judge

Dated: June 10, 2014
Brooklyn, New York